690 P.2d 358

**George UCHIYAMA, Personal Representative of the Estate of: Sowa Uchiyama, Plaintiff-Appellant,**

v.

**John H. NAKAI, Personal Representative of Minnie Nakai Estate; and John M. Nakai, Defendants-Respondents.**

No. 14887.

Supreme Court of Idaho.

Nov. 1, 1984.

D. Alan Kofoed and Peter J. Boyd, of Elam, Burke, Evans, Boyd & Koontz, Boise, for plaintiff-appellant.

Lary C. Walker, Weiser, for defendants-respondents.

BAKES, Justice.

This is an appeal from the district court's denial of a motion, filed pursuant to I.R. C.P. 60(b), to set aside a stipulated judgment. We affirm the district court.

The facts and procedural history of this case are somewhat unusual. For a number of years Sowa Uchiyama lived with her daughter Minnie Nakai, and her son-in-law, John M. Nakai. In 1974, Sowa Uchiyama executed a warranty deed conveying the family farm in Washington County, Idaho, to the Nakais. In 1976 Sowa Uchiyama left the farm to live with her other children. In 1978, Minnie Nakai died. Since John M. Nakai was ill, his son, John H. Nakai, became the personal representative of the estate.

In 1979, Sowa Uchiyama filed two complaints against the estate. The complaints alleged breach of an oral agreement between Sowa Uchiyama and Minnie Nakai. Under the alleged oral agreement the Nakais were to support Sowa Uchiyama for the balance of her life. This support was to serve as partial consideration for the property which had been conveyed in 1974. Neither complaint questioned the validity of the warranty deed or Sowa Uchiyama's competence to execute the deed. The first complaint sought payment of the $45,000 balance of the purchase price, with interest. The second complaint sought repayment of $26,000 in loans, reasonable rental for the property, or care and maintenance

for Sowa Uchiyama. The cases were consolidated for trial.

Sowa Uchiyama's attorney was originally retained by Sowa Uchiyama's four other children—Sam Uchiyama, George Uchiyama, May Kimura and Lea Nakauchi. At that time Sowa Uchiyama was living with her son, George Uchiyama, in St. Louis. As a result, the attorney did not actually consult with his client until February 11, 1982—the day before trial. The attorney never personally discussed the case with Sowa Uchiyama. However, the attorney was in possession of an affidavit executed by Sowa Uchiyama in St. Louis which formed the basis for the allegations in the complaint. At that time, Sowa Uchiyama was 88 years old, spoke very little English, and was in poor physical health. As a result, communication with her was very difficult.

Prior to trial on February 12, 1982, Sowa Uchiyama's attorney met with counsel for the defendants in an effort to reach a settlement. Because of her frail health, Sowa Uchiyama was not present during these negotiations. However, throughout the negotiations at least one of the four children was present. The negotiations were discussed with the four children who traveled between the negotiations and a motel where Sowa Uchiyama was staying. Through negotiation the parties entered into a stipulation of facts and, ultimately, a stipulated judgment was entered in favor of Sowa Uchiyama. The judgment provided Sowa Uchiyama with a monthly payment for the remainder of her life as well as other compensation. At the time that the stipulated judgment was agreed to, it was specifically agreed that the judgment satisfied all claims against the estate of Minnie or John Nakai.

Following the court's adjournment, the four children met with the trial judge. During this meeting, the children expressed dissatisfaction with the settlement, the court system, and the attorney representing their mother.

On March 24, 1982, Sowa Uchiyama was judged to be incompetent by a Missouri court, and George Uchiyama was appointed guardian. In July, 1982, George Uchiyama filed a motion for substitution of plaintiff by guardian of plaintiff and a motion to set aside the stipulations and the judgment pursuant to I.R.C.P. 60(b). The motion to set aside the stipulation and judgment was supported by affidavits which stated that Sowa Uchiyama was mentally incompetent at the time of the settlement. The affidavits further stated that the stipulations were entered through mistake or misunderstanding.

After considering the affidavits of George Uchiyama, May Kimura, Lea Nakauchi and Dr. George Janaka, a physician who had treated Sowa Uchiyama, and after hearing testimony from Sowa Uchiyama's attorney and the trial judge, the district court ruled that there was insufficient credible evidence to show that Sowa Uchiyama was mentally incompetent at the time of the settlement. The court further ruled that the evidence was convincing that the four children had been aware of the terms of the settlement and that Sowa Uchiyama's attorney was justified in relying on the children to convey any information to his client. While this appeal of that ruling was pending, Sowa Uchiyama died. The children now continue this appeal.

After reviewing the entire record we conclude that the following findings of the district court are supported by the evidence:

"[I]t appears that although Sowa Uchiyama at the time of the court proceeding that resulted in the complaint of judgment was frail in body, there was not even a hint at that time she lacked mental capacity, and there is insufficient credible evidence now before the court to show that in fact she was mentally incompetent at that time. The evidence is convincing that her children knew exactly what the terms of the settlement were, that they had those terms explained to them, point by point, by Mr. Rosenberry, that the terms were conveyed to Sowa Uchiyama and appropriate responses were then conveyed back to

Mr. Rosenberry indicating to him that Sowa Uchiyama understood the terms and agreed to them, and that Mr. Rosenberry had explained the hazards of proceeding with a full blown trial."

Accordingly, we affirm the district court's refusal to set aside the stipulated judgment to which the parties agreed.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.